**IUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JOHN MATTINGLY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No.  4:09-cv-051-TWP-WGH |
| | ) |
| CITY OF NEW ALBANY, | ) |
| | ) |
| Defendant. | ) |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.  Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." A Rule 12(c) motion for judgment on the pleadings is reviewed "under the same standards as a motion to dismiss under 12(b). *Flenner v. Sheahan,* 107 F.3d 459, 461 (7th Cir. 1997).

2.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. v. Twombly,* 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555, 557). Instead, a complaint must allege facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949; *see also Cooney v. Rossiter,* 583 F.3d 967, 971 (7th Cir. 2009); *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009).

3. In this case, the plaintiffs' challenge to a municipal ordinance falls short of stating a plausible claim for relief because their complaint merely hints at their concerns and any possible infirmity in the ordinance. The defendant's motion for judgment on the pleadings is therefore **granted.**

4. Granting the motion for judgment on the pleadings resolves the fate of the complaint, but not necessarily of the lawsuit. The dismissal of the complaint will not in this instance result in the dismissal of the action. *Benjamin v. United States,* 833 F.2d 669, 671 (7th Cir. 1987).

5. The plaintiffs shall have **through September 2, 2010,** in which to file an amended complaint. If an amended complaint is filed, the defendant shall have **through September 28, 2010,** in which to file its answer or other responsive pleading. If no amended complaint is filed, final judgment shall issue consistent with the ruling in paragraph 2 of this Entry.

6. The status conference set for October 26, 2010, **remains set.** If an amended complaint is filed the parties are to promptly prepare and submit a proposed case management plan. Given the age of the case, the court expects the parties to exhibit the utmost diligence in the development of the case for trial or other resolution. Consistent with this, the proposed case management plan shall incorporate a deadline for the completion of non-expert discovery of December 31, 2010, and a deadline for the filing of any further dipositive motion of January 20, 2011.

**IT IS SO ORDERED**

Date: 08/12/2010

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Stephen Johnson Beardsley
227 Pearl Street
New Albany, IN 47150

Scott D. Bergthold
sbergthold@sdblawfirm.com