**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| JOHN MATTINGLY, d/b/a THE RUSTIC FROG, and SAMANTHA MORRIS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:09-cv-0051-TWP-WGH |
| CITY OF NEW ALBANY, | ) ) | |
| Defendant. | ) ) | |

### ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A. BACKGROUND

This matter is before the Court on Defendant City of New Albany's ("City") Motion for Summary Judgment.  On March 2, 2009, the City enacted Ordinance Number G-09-05 (the "Ordinance"), which established licensing requirements for and regulations applicable to adult cabarets.  On April 20, 2009, John Mattingly ("Mattingly") d/b/a The Rustic Frog, and Samantha Morris ("Morris") (collectively, "Plaintiffs"), filed this lawsuit seeking to enjoin enforcement of the Ordinance.  Presumably, both Plaintiffs would have been directly affected by the Ordinance: The Rustic Frog, owned by Mattingly, is a bar that offers adult entertainment in the City, while Morris was an independent contractor who regularly provided adult entertainment at The Rustic Frog.  Indeed, both individuals believed that they were potentially subject to prosecution under the Ordinance.

This motion sits in a unique procedural posture.  The City filed a Motion for Summary Judgment on June 3, 2011, making Plaintiffs' response due on July 3, 2011.  That day came and went without a response – or a justification for failing to respond.  During a telephone conference on August 18, 2011, counsel for Mattingly notified the Court that, unfortunately, his

client had passed away, and none of his successors-in-interest had an interest in pursuing this litigation. Ultimately, the Court dismissed Mattingly's claims with prejudice (see Dkt. 75), as no party was willing to substitute and pursue the claims of Mattingly. As for Morris, it seems that she, too, has no interest in pursuing this litigation. Morris has never responded to the motion for summary judgment and her counsel indicates that he has been unable to locate her whereabouts.

Under L.R. 7-1(b), Plaintiffs' failure to respond "may subject the motion to summary ruling." The Court feels that this approach is warranted, given Plaintiff's repeated disregard for deadlines. Nonetheless, for the sake of thoroughness, the Court will also briefly trace the reasoning behind its ruling that the Ordinance is constitutional as a matter of law.

## B. DISCUSSION

The Ordinance was enacted "to regulate adult cabarets in order to promote the health, safety, and general welfare of the citizens of the City, and to establish reasonable and uniform regulations to prevent the deleterious secondary effects of adult cabarets within the City." (Dkt. 1-1 at 2). The Ordinance identified over 30 judicial decisions and more than 20 municipal studies and reports concerning the secondary effects occurring in and around adult cabarets. These studies found, to no one's surprise, that adult cabarets are often hotbeds of criminal activity, fostering an environment conducive to personal and property crimes, prostitution, illicit drug use, drug trafficking, and sexual assault and exploitation. The Ordinance aimed to combat these serious secondary effects.

Without delving too deeply into the constitutional framework that applies to adult cabaret regulations, it is well-settled that cities can (and do) regulate aspects of the time, place, and manner of a sexually-oriented business's operations. *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 46-47 (1986). In their Amended Complaint (Dkt. 47), Plaintiffs contend that the

Ordinance goes too far and must be enjoined for eight reasons.[1]  Each of Plaintiffs' contentions is addressed in turn.

First, Plaintiffs highlight that the studies cited in §120.01 of the Ordinance – describing the myriad problems associated with adult cabarets – only covered "large metropolitan areas." According to Plaintiffs, such studies are irrelevant to a relatively small community like New Albany with a population of approximately 36,000.  This argument was rejected by the Supreme Court in *Renton*, cited above, where the Court allowed Renton, Washington – a city of approximately 32,000 people – to rely on the experiences of the much-larger Seattle, Washington.  *Id*. at 44, 51; *see also Andy's Rest. & Lounge, Inc. v. City of Gary*, 466 F.3d 550, 556 (7th Cir. 2006) (rejecting similar challenge that merely "nitpick[ed] at the relevance and reliability of the City's studies, claiming that they are either too old or inapplicable because they discuss problems in other cities and not Gary.").  Plainly stated, the City was well within its rights to rely on these studies, even if they involved larger metropolitan areas.

Second, § 120.04(a)(5) of the Ordinance requires the issuance of a business license for the operation of an adult cabaret, and bars the issuance of a license if the applicant has, within the past five years, operated or had an influential interest in a "sexually oriented business" that has either been declared to be a nuisance or been subject to an order of closure or padlocking by a court.

Third, similar in nature to § 120.04(a)(5), § 120.04(b)(4) requires adult cabaret employees to obtain an employee license and bars the issuance of such a license if the applicant had an influential interest, within the previous five years, in a "sexually oriented business" that has either been declared a nuisance or been subject to an order of closure or padlocking by a

---

[1] Although the Court has granted a motion to dismiss Mattingly from the case with prejudice (Dkt.75), the Court will refer to Plaintiff as "Plaintiffs," since both Mattingly and Morris were Plaintiffs at the time the Amended Complaint was filed.

court. Plaintiffs argue that both of these provisions are impermissible because they are irrational and unconstitutionally vague.

As an initial matter, it is worth noting that Plaintiffs have given the Court nothing to suggest that they have standing to attack these provisions. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-35 (1990) (rejecting challenges to provisions in adult business licensing ordinance where no party clearly alleged facts demonstrating he was a proper party to challenge the provisions). Assuming *arguendo* that Plaintiffs have standing, their challenge still fails. These provisions provide clearly-defined prohibitions that are rationally related to the City's interest in preventing negative secondary effects by temporarily withholding licenses from those who have previously behaved in a problematic fashion. *See City of Littleton v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774, 783 (2004) (stating that licensing criteria – including civil disabilities based on recent criminal history, adverse licensing history, and operating an adult business found to be a public nuisance – "are simple enough to apply and their application simple enough to review").

Fourth, § 120.13 requires adult cabarets to install bright interior and exterior lights and to post two conspicuous "No Loitering" signs. Plaintiffs argue that this requirement violates their freedom of expression under the First Amendment. Seventh Circuit precedent suggests otherwise. *See Matney v. County of Kenosha*, 86 F.3d 692, 694 (7th Cir. 1996) (upholding regulations concerning lighting in and around peep show booths); *Pleasureland Museum, Inc. v. Beutter*, 288 F.3d 988, 1003-04 (7th Cir. 2002) (same); *see also N.W. Enterprises, Inc. v. City of Houston*, 352 F.3d 162, 191-92 (5th Cir. 2003), *aff'g* 27 F. Supp. 2d 754, 826-27 (S.D. Tex. 1998) (upholding structural, visibility, and lighting requirements because lewdness most frequently occurred when physical obstructions and low levels of lighting exist in adult

4

businesses; lighting and lines of sight allow police to detect and make arrests for crimes without having to participate in the criminal activities). Simply stated, the Court finds that this provision does not unlawfully restrict the speech or expression of Plaintiffs.

Fifth, § 120.16(b) requires any "semi-nude" adult cabaret employee to work on top of an elevated stage at least 18 inches above the floor and in a room of at least 600 square feet. This section also prohibits "semi-nude" employees from coming within five feet of patrons. In effect, these provisions seemingly bar so-called "lap dances" in secluded rooms, where lewd behavior often occurs. Plaintiffs argue that this section violates their First Amendment rights. The Seventh Circuit, however, has deemed similar rules lawful. *See G.M. Enterprises., Inc. v. Town of St. Joseph, Wis.*, 350 F.3d 631, 634, 638 (7th Cir. 2003) (upholding 18 inch stage requirement and five-foot buffer between erotic dancers and patrons). In the face of Defendant's authority (and no authority from Plaintiffs), the Court rejects Plaintiffs' arguments.

Sixth, § 120.16(c) requires adult cabaret premises to be configured so that "there is an unobstructed view from an operator's station of every area of the premises, excluding restrooms, to which any patron is permitted access for any purpose." Plaintiffs argue that these provisions are irrational and *ex post facto* in nature. The Court is not persuaded. *See Beutter*, 288 F.3d at 994-95, 1003 (7th Cir. 2002) (upholding interior configuration provision requiring direct line of sight from manager's stations to each area open to patrons); *LLEH v. Wichita County*, 289 F.3d 358, 368 (5th Cir. 2002) (upholding as constitutional a provision requiring that the interior of an adult business be configured so management or law enforcement personnel have unobstructed views of premises).

Seventh, § 120.16(d) prohibits "semi-nude" employees from knowingly and intentionally touching a customer or the customer's clothing. Plaintiffs argue that this provision is irrational

and leads to absurd consequences. For instance, why can't a semi-nude employee shake a customer's hand? This argument, however, collides head-on with the Seventh Circuit's decision in *G.M. Enterprises*, ruling that an ordinance prohibiting physical contact between nude dancers and patrons did not violate the First Amendment. 350 F.3d at 636; *see also Hang On, Inc. v. City of Arlington*, 65 F.3d 1248, 1253 (5th Cir. 1995) ("[I]ntentional contact between a nude dancer and a bar patron is conduct beyond the expressive scope of the dancing itself. The conduct at that point has overwhelmed any expressive strains it may contain…. Similarly, *patrons* have no First Amendment right to touch a nude dancer.") (emphasis in original). Accordingly, Plaintiffs' argument fails.

Finally, § 120.10 provides that when the building commissioner issues an order of suspension of an adult cabaret license, the establishment is entitled to a hearing, which shall not exceed two days in length. However, this provision does not specify how the "Hearing Officer" will be selected or paid. According to Plaintiffs, this omission renders this provision constitutionally unenforceable, as it raises the specter that a Hearing Officer who is beholden to the City could be used. Moreover, Plaintiffs argue that the two-day limitation violates their due process rights. Again, this argument argument fails because of standing concerns. *See Essence, Inc. v. City of Federal Heights*, 285 F.3d 1272, 1282 (6th Cir. 2002) (holding erotic dancing establishment lacked Article III standing to challenge license suspension/revocation procedures where city has not sought or threatened such adverse action against plaintiff's license). The Court is persuaded that wading into the substance of this argument would amount to nothing more than an advisory opinion. Given the cut-and-dried nature of this standing analysis, the Court will not venture into the details of Plaintiffs' substantive argument, which would likely meet the same fate as its seven other arguments.

## C. <u>CONCLUSION</u>

For the reasons set forth herein, the City's Motion for Summary Judgment (Dkt. 61) is **GRANTED**. A final judgment will accompany this entry.

SO ORDERED

Date: 01/20/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Stephen Johnson Beardsley
lawoffice227@att.net, tduncan@insightbb.com

Scott D. Bergthold
LAW OFFICE OF SCOTT D. BERGTHOLD PLLC
sbergthold@sdblawfirm.com